UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE OHIO CASUALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                                              Case No: 6:12-cv-1153-Orl-28TBS

HDE, INC., BONNIE DULEY, PATRICK
DULEY, CHRISTIE HUMMEL and
HARLAN E. HUMMEL, JR.,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff The Ohio Casualty Insurance Company's Motion for Default Final Judgment Against Defendant HDE, Inc. ("HDE"). (Doc. 13). In September, I issued a Report and Recommendation that Plaintiff's motion be denied because it did not appear that Plaintiff had obtained good service of process on HDE. (Doc. 14). Plaintiff objected to my Report and Recommendation and filed an Affidavit of Scrivener's Error and Amended Affidavit of Service showing that it had obtained good service on HDE. (Docs. 16 and 16-1). Based upon these filings, the District Judge referred the case back to me to review Plaintiff's Amended Return of Service (Doc. 15) and supplement my report. (Doc. 17). Now, I **WITHDRAW** my original Report and Recommendation. However, I still respectfully recommend that the Court deny Plaintiff's motion without prejudice.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

## I. Background[2]

Plaintiff is in the business of issuing payment and performance bonds and acting as a surety for contractors including HDE. As a part of their business relationship, all of the Defendants signed an Agreement of Indemnity ("Agreement") in favor of Plaintiff. This case arises from a claim Plaintiff received on a performance bond it issued naming HDE as principal. HDE either refused or was unable to resolve a claim made against it and the claimant filed suit against HDE and Plaintiff. That case culminated in a $362,272.31 arbitration award in favor of the claimant. Plaintiff satisfied the claim and then filed this action against the Defendants for breach of the Agreement, common law indemnity and equitable subrogation.

In addition to HDE, Plaintiff asserts that it has served Defendants Bonnie Duley and Patrick Duley (the "Duleys'). (Doc. 18). However, Plaintiff has been unable to serve Defendants Christie Hummel and Harlan E. Hummel, Jr. (the "Hummels"), and the Court recently granted Plaintiff a 90 day enlargement of time to obtain service on the Hummels. (Docs. 18 and 19). None of the Defendants have appeared in this action. Plaintiff requested and on September 7, 2012, the Clerk entered default against HDE. (Doc. 12). Plaintiff has not requested the entry of default against the Duleys. Now before the Court is Plaintiff's motion for the entry of a default judgment against HDE. (Doc. 13).

## II. Analysis

This case involves multiple defendants all facing the same breach of Agreement claim in Count I of Plaintiff's complaint. Accordingly, the default judgment provisions of Rule 55(b)(2) must be balanced against the requirements of Rule 54(b), which provides that:

---

[2] Unless otherwise cited, all facts are drawn from Plaintiff's Complaint.

> When an action presents more than one claim for relief –whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay.

Courts have interpreted Rule 54(b) to mean that "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000); see also Essex Ins. Co. v. Anchor Marine Envt'l Serv., No. 6:10-cv-340-Orl-28DAB, 2010 WL 5174025 (M.D. Fla. Nov. 18, 2010), adopted, 2010 WL 5174019 (M.D. Fla. Dec. 15, 2010); Temp. Serv. Ins. LTD. v. O'Donnell, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, at *1 (M.D. Fla. July 11, 2008).   The Rule controls in situations "where the liability of one defendant necessarily depends upon the liability of the others." Anthony v. Burkhart, 28 F. Supp. 2d 1239, 1247 (M.D. Fla. 1998) (quoting Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747, 749 (Fla. 4th DCA 1997)).

In Count I, Plaintiff seeks the entry of a judgment against all the Defendants.  The entry of a default judgment against HDE now would create the possibility of inconsistent determinations against joint Defendants where only one of the Defendants has been defaulted.  Therefore, it would be both inefficient and uneconomical to enter judgment against HDE at this time.  Worse, the entry of judgment against HDE now could lead to an incongruous result should the Court later arrive at a different outcome on the merits as to the remaining Defendants.  For this reason, I recommend that the Court withhold granting Plaintiff's motion for default judgment against HDE until Plaintiff's claims against the remaining Defendants have been resolved.

If the Court disagrees, and finds that it is appropriate to proceed against HDE at this time, then the mere entry of a default by the Clerk does not necessarily require the Court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before the Court enters a judgment pursuant to FED. R. CIV. P. 55(b) it must find that there is a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

The record establishes a sufficient basis for the entry of default judgment against HDE. Based upon Plaintiff's Affidavit of Scrivener's Error and Amended Affidavit of Service I find that Plaintiff obtained good service on HDE and the Clerk properly entered Default against it. The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner . . . ." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)). Under the federal rules, service is proper if it is made on a corporation's registered agent. FED. R. CIV. P. 4(h)(1), (e)(1).[4]

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[4] The federal rules provide that service can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" FED. R. CIV. P. 4(h)(1), (e)(1). Defendant HDE, Inc. is a Florida corporation. (Doc. 1 ¶ 3). In the state of Florida, "[a] corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. As an alternative, process may be served on the agent designated by the corporation as its registered agent." Mid-Continent Cas. Co. v. Harbor Springs Constr., Case No. 2:10-cv-330-Ftm-29SPC, 2010 U.S. Dist. LEXIS 92412, at *2 (M.D. Fla. Aug. 26, 2010) (citing FLA. STAT. § 48.081(1)(a-d), (3)(a)).

Here, Plaintiff served HDE by effecting service of process on its registered agent, Savannah Deboer, on August 1, 2012. (Doc. 15). Pursuant to Federal Rule of Procedure 12(a)(1), HDE was required to respond to the Complaint within twenty-one (21) days from the date of service, or by August 21, 2012. A review of the record reveals that HDE failed to respond to the Complaint and has otherwise failed to appear in this action. (Docket). Thus, the Clerk properly entered default.

Plaintiff's Complaint sufficiently alleges a basis for judgment against HDE. In Count I of Plaintiff's Complaint, Plaintiff alleges that all Defendants breached their Agreement with Plaintiff by:

> failing and refusing to pay, satisfy or resolve the [Claimant's] claim; failing to reimburse/indemnify [Plaintiff] despite the Indemnity Demand, for paying the [Claimant's] claim; and failing to reimburse/indemnify [Plaintiff], despite the Indemnity Demand, for the attorneys' fees, consultants' fees, and other costs and expenses that [Plaintiff] incurred as a result of issuing the Bond.

(Doc. 1 ¶ 32).

To allege a claim for breach of contract in Florida, a plaintiff must prove: 1) the existence of a contract; 2) a breach of the contract; and 3) damages resulting from the breach. State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc., 427 F. App'x 714, 725 (11th Cir. 2011) (citing Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). Plaintiff has attached a copy of the Agreement to its Complaint. (Doc. 1-1). In the Agreement the Defendants promised to "indemnify and save the Company harmless from and against all loss, cost claim, demand, liability and expense . . . which it shall at any time sustain . . . in consequence of such bonds which have been . . . executed . . . on behalf of the contractor . . . ." (Id.).

"Under Florida law, insurance contracts are construed according to their plain

meaning." Creative. Hospitality Ventures, Inc. v. United States Liab. Ins. Co., 444 F. App'x 370, 374 (11th Cir. 2011) (quoting Garcia v. Fed. Ins. Co., 969 So. 2d 288, 291 (Fla. 2007)). Based on its plain meaning, the Agreement requires Defendants to reimburse Plaintiff for any amounts expended to satisfy a claim against HDE. Yet, despite its Agreement with Plaintiff, HDE did not reimburse or indemnify Plaintiff. (Doc. 1 ¶ 32). As a result of Defendants' breach, Plaintiff claims it suffered damages in the amount it paid to satisfy the claimant's claim against HDE and attorneys' fees, consultants' fees, and other costs associated with issuing the bond to HDE. (Id. ¶ 33). After review of the Complaint, I find that Plaintiff has satisfied the elements of pleading a claim for breach of the Agreement.

In Count II, Plaintiff alleges a claim for common law indemnity. To prove a claim of common law indemnity a party must prove three elements. First, the party seeking indemnification must be without fault. Next, the indemnification can only come from a party who was at fault, and last, there must be a "special relationship" between the parties. Guertin v. United Rentals, Inc., No. 6:12-cv-301-Orl-31KRS, 2012 WL 4760932 *2 (M.D. Fla. Oct. 5, 2012) (citing Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 642 (Fla. 1999)). Plaintiff alleges that it is without fault as to HDE's obligation to claimant, and that its liability is merely technical and vicarious. (Doc. 1 ¶¶ 36, 38). HDE is "completely at fault" and obligated to pay any underlying liability on the bond, including any payments owed to claimant. (Id. ¶ 8). Also, Plaintiff shows there was a special relationship between it and HDE by virtue of issuing HDE a bond. (Id. ¶ 36). Accordingly, Plaintiff has properly alleged a claim for common law indemnity.

Finally, in Count III Plaintiff alleges a cause of action for equitable subrogation. The essential elements of a claim based on equitable subrogation are 1) that Plaintiff

made the payment at issue to protect its own interest; 2) the payment was non-voluntary; 3) Plaintiff was not primarily liable for the debt paid; 4) Plaintiff paid the entire debt, and 5) subrogation would not work any injustice to the rights of a third party. Nova Information Systems, Inc. v. Greenwich Ins. Co., 365 F.3d 996, 1005 (11th Cir. 2004). (citing Dade County Sch. Bd., 731 So.2d at 646). Here, Plaintiff argues that it was forced to pay the claimant to protect its own interests, and that the payment was not voluntary. (Doc. 1 ¶ 49). Again, it states that its liability to the claimant was merely technical and vicarious, and that HDE was required to satisfy the claimant's claim. (Id. ¶¶ 46,47). Further, Plaintiff alleges that it paid to settle the claim and that subrogation would not affect any third-parties' rights. (Id. ¶¶ 50, 51). Thus, Plaintiff has also properly alleged a claim for equitable subrogation.

### III. Recommendation

For the foregoing reasons, I **WITHDRAW** my previous report and recommendation (Doc. 14) and **RESPECTFULLY RECOMMEND** that the Court **DENY without prejudice** Plaintiff The Ohio Casualty Insurance Company's Motion for Default Final Judgment Against Defendant HDE, Inc. (Doc. 13), to be reasserted, to the extent appropriate, when this action becomes ripe for final resolution.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on the 19th day of November, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties