UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE OHIO CASUALTY INSURANCE COMPANY,

Plaintiff,

v. Case No: 6:12-cv-1153-Orl-28TBS

HDE, INC. and CHRISTIE HUMMEL,

Defendants.

---

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the Ohio Casualty Ins. Co.'s Motion for Default Judgment Against Defendant HDE, Inc. (Doc. 34).

### I. Background

Plaintiff is in the business of issuing payment and performance bonds and acting as a surety for contractors, one of whom is HDE.[2] As a part of their business relationship, all Defendants signed an Agreement of Indemnity ("Agreement") in favor of Plaintiff. (Doc. 1-1).

This case arises from a claim made by Wedgebrooke Heathrock, LLC ("Wedgebrooke") against a performance bond Plaintiff issued naming HDE as principal. HDE either refused or was unable to resolve the Wedgebrooke claim and Wedgebrooke filed suit against HDE and Plaintiff. That case culminated in a $345,000.00 arbitration award in favor of Wedgebrooke. Plaintiff satisfied the award and then filed this action

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Unless otherwise stated, all facts are taken from Plaintiff's Complaint (Doc. 1).

against Defendants for breach of the Agreement, common law indemnity, and equitable subrogation.

HDE has not appeared in this action, and on September 7, 2012 the Clerk entered default against it. (Doc. 12). On September 19, 2012, Plaintiff filed its first motion for default judgment, which the Court referred to me for a report and recommendation. (Doc. 13). I found that Plaintiff had properly alleged its claims against HDE, but recommended the Court decline to enter a default judgment until Plaintiff resolved its claims against the remaining Defendants, to avoid potentially inconsistent results. (Doc. 20). The Court adopted my recommendation and denied Plaintiff's motion without prejudice. (Doc. 23). Plaintiff filed the instant motion for default judgment after having dismissed Defendants Bonnie and Patrick Duley (Doc. 21), Christie Hummel (Doc. 27), and Harlan E. Hummel, Jr. (Doc. 33).

This case arose in Florida and is before the Court on diversity jurisdiction; therefore, the substantive law of Florida applies. Pendergrast v. Sprint Nextel Corp., 592 F.3d 1119, 1132 (11th Cir. 2010)

**II. Discussion**

A. Liability

The record establishes a sufficient basis for the entry of default judgment against HDE. Based upon Plaintiff's Affidavit of Scrivener's Error and Amended Affidavit of Service I find that Plaintiff obtained good service on HDE and the Clerk properly entered default against it. The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a

timely manner . . . ." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)). Service is proper if it is made on a corporation's registered agent. FED. R. CIV. P. 4(h)(1), (e)(1).[3]

Plaintiff served HDE by effecting service of process on its registered agent, Savannah Deboer, on August 1, 2012. (Doc. 15). Pursuant to Federal Rule of Procedure 12(a)(1), HDE was required to respond to Plaintiff's Complaint within twenty-one (21) days from the date of service, or by August 21, 2012. HDE failed to respond and has otherwise failed to appear in this action. (Docket). Thus, the Clerk properly entered default.

The entry of a default by the Clerk does not necessarily require the Court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before the Court enters a judgment pursuant to FED. R. CIV. P. 55(b) it must find that there is a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

---

[3] The federal rules provide that service can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" FED. R. CIV. P. 4(h)(1), (e)(1). Defendant HDE, Inc. is a Florida corporation. (Doc. 1 ¶ 3). In the state of Florida, "[a] corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. As an alternative, process may be served on the agent designated by the corporation as its registered agent." Mid-Continent Cas. Co. v. Harbor Springs Constr., Case No. 2:10-cv-330-Ftm-29SPC, 2010 U.S. Dist. LEXIS 92412, at *2 (M.D. Fla. Aug. 26, 2010) (citing FLA. STAT. § 48.081(1)(a-d), (3)(a)).

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Plaintiff's Complaint sufficiently alleges a basis for the entry of judgment against HDE.  In Count I, Plaintiff alleges that HDE breached the Agreement by: failing and refusing to pay, satisfy, or resolve the Wedgebrooke award; failing to reimburse/indemnify Plaintiff for paying the Wedgebrooke award; and failing to reimburse/indemnify Plaintiff for the attorneys' fees, consultants' fees, and other costs and expenses that it incurred as a result of issuing and performing the bond.  (Doc. 1 ¶ 32).

To allege a claim for breach of contract in Florida, a plaintiff must prove: 1) the existence of a contract; 2) a breach of the contract; and 3) damages resulting from the breach. State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc., 427 F. App'x 714, 725 (11th Cir. 2011) (citing Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). Plaintiff has attached a copy of the Agreement to its Complaint. (Doc. 1-1). In the Agreement HDE promised to "indemnify and save the Company harmless from and against all loss, cost claim, demand, liability and expense . . . which it shall at any time sustain . . . in consequence of such bonds which have been . . . executed . . . on behalf of the contractor . . . ." (Id.).

"Under Florida law, insurance contracts are construed according to their plain meaning." Creative. Hospitality Ventures, Inc. v. United States Liab. Ins. Co., 444 F. App'x 370, 374 (11th Cir. 2011) (quoting Garcia v. Fed. Ins. Co., 969 So. 2d 288, 291 (Fla. 2007)).  Based on its plain meaning, the Agreement requires HDE to reimburse Plaintiff for any amounts expended to satisfy a claim against HDE.  Despite the Agreement, HDE did not reimburse or indemnify Plaintiff in connection with the Wedgebrooke award.  (Doc. 1 ¶ 32).  As a result of Defendants' breach, Plaintiff claims it

suffered damages in the amount it paid to satisfy the Wedgebrooke claim against HDE plus attorneys' fees, consultants' fees, and other costs associated with issuing the bond to HDE.  (Id. ¶ 33).  After review of the Complaint, I find that Plaintiff has satisfactorily pled the elements of its claim for breach of the Agreement.

In Count II, Plaintiff alleges a claim for common law indemnity.  To prove a claim of common law indemnity a party must prove three elements. First, the party seeking indemnification must be without fault.  Next, indemnification can only come from a party who was at fault, and last, there must be a "special relationship" between the parties. Guertin v. United Rentals, Inc., No. 6:12-cv-301-Orl-31KRS, 2012 WL 4760932 *2 (M.D. Fla. Oct. 5, 2012) (citing Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 642 (Fla. 1999)). Plaintiff alleges that it is without fault as to HDE's obligation to Wedgebrooke, and that its liability is merely technical and vicarious.  (Doc. 1 ¶¶ 36, 38). Plaintiff further alleges that HDE is "completely at fault" and obligated to pay any underlying liability on the bond, including any payments owed to Wedgebrooke.  (Id. ¶ 8). And, the bond created a special relationship between Plaintiff and HDE.  (Id. ¶ 37). Accordingly, Plaintiff has properly pleaded a claim for common law indemnity.

Finally, in Count III Plaintiff alleges a cause of action for equitable subrogation. The essential elements of a claim based on equitable subrogation are 1) that Plaintiff made the payment at issue to protect its own interest; 2) the payment was non-voluntary; 3) Plaintiff was not primarily liable for the debt paid; 4) Plaintiff paid the entire debt: and 5) subrogation would not work any injustice to the rights of a third party. Nova Information Systems, Inc. v. Greenwich Ins. Co., 365 F.3d 996, 1005 (11th Cir. 2004). (citing Dade

County Sch. Bd., 731 So.2d at 646).  Plaintiff was forced to pay the Wedgebrooke claim to protect its own interests, and  the payment was not voluntary. (Doc. 1 ¶ 49).  Plaintiff's liability under the bond was merely technical and vicarious, and HDE was required to satisfy the Wedgebrooke claim. (Id. ¶¶ 46,47).  Plaintiff also alleges that it paid to settle the Wedgebrooke claim and subrogation would not affect any third-parties' rights. (Id. ¶¶ 50, 51).  Thus, Plaintiff has properly alleged a claim for equitable subrogation.

    B. Damages

    "[A]llegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded.  Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages.  Fed. R. Civ. P. 55(b)(2).  However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.  See SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

    Plaintiff seeks to recover the amount it paid to satisfy the Wedgebrooke claim against HDE plus Plaintiff's attorneys' fees, consultants' fees, and other costs associated with issuing the bond to HDE.  (Id. ¶ 33).  The Agreement provides for Plaintiff to recover these amounts.  (Doc. 1-1).  Plaintiff has supplied the affidavit of Curtis Brookbank and a copy of the Wire Transfer Confirmation for check number #0002353830, which evidence Plaintiff's payment of $345,000.00 as full and final settlement of the Wedgebrooke claim against HDE.  (Doc. 34-1 at 5).  Plaintiff also paid $27,836.76 in attorney's fees and costs to investigate and defend against the lawsuit.  (Id. ¶ 11).  Accordingly, Plaintiff has provided sufficient evidence to support its request for damages.

C. Attorney's Fees and Costs

HDE agreed in the Agreement to pay Plaintiff's provides attorney's fees and costs for the prosecution of this action.  (Doc. 1-1 at 1).  Plaintiff has stated its intent to seek these amounts by separate motion.  (Doc. 34 at 5).

D. Form of Judgment

To create a valid lien under Florida law, the judgment must include the addresses of the person in whose favor it is granted and each person against whom it is entered. Fla. Stat. §§ 55.01(2), 55.10(1).  Florida law also requires that if a judgment is to accrue interest, it must state the rate of interest that is payable on the judgment.  Fla. Stat. § 55.03(2).  Here, Plaintiff seeks interest pursuant to 28 U.S.C. § 1961.

**III. Recommendation**

Upon consideration of the foregoing, I respectfully recommend that:

1) The Court **GRANT** Ohio Casualty Insurance Company's Motion for Default Judgment Against Defendant HDE, Inc. (Doc. 34).

2) The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant HDE, Inc. in the amount of $**372,863.76**.

3) The judgment provide for the accrual of interest at the rate provided in 28 U.S.C. § 1961.

4) The Clerk be directed to include in the judgment, Plaintiff and HDE's names and addresses.  The last known address of Plaintiff is 136 North Third Street, Hamilton, OH 45025 and the last known address of HDE is 270 Waymont Court, Suite 110, Lake May, FL 32746.

5) The Court retain jurisdiction to consider a timely motion for attorney's fees and bill of costs.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 5, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record